## Harry B. McCardel, Plaintiff in Error, v. S. F. Bowser & Company, Defendant in Error.

### Gen. No. 15,369.

MUNICIPAL COURT—*when judgment not reversed.* A judgment of the Municipal Court will not be reversed for error if it appears that substantial justice has been done.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 5, 1911.

M. L. THACKABERRY, for plaintiff in error.

GORHAM & WALES, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

This is an action of the fourth class brought by the plaintiff in error in the Municipal Court of Chicago to recover commissions alleged to be due him from defendant in error, on account of certain sales made by him as a salesman for the defendant in error.

Defendant in error, a corporation, is engaged in the manufacture and sale of oil tanks and pumps. Plaintiff in error was employed by it as a traveling salesman. He sued to recover $200, and interest thereon, and filed an itemized statement setting up the various transactions from which he alleges he is entitled to commissions.

Defendant in error claimed that under the written contract between them the orders listed in the statement were obtained under circumstances which did not entitle plaintiff to commissions thereon. It also claimed a full accord and satisfaction between itself and plaintiff.

The case was tried without a jury, resulting in a finding and judgment for defendant, upon which plaintiff assigns error.

The claim of plaintiff in error was made up of commissions upon five several sales claimed to have been made by him, with interest thereon, together with items of storage, discount, freight, expense, etc., charged against him. The testimony shows that upon the trial each of the items claimed by the plaintiff was contested by defendant.

We are clear that so much of the claim as is for interest ($28.21) cannot be allowed. No such unreasonable and vexatious delay of payment was shown as would authorize a judgment for interest in any event, even if he were to recover upon the remainder of his claim.

But as to the other items, the testimony was sharply conflicting. The trial judge had the advantage of personally hearing the witnesses as they testified, and we cannot say that the manifest weight of the evidence was in favor of the plaintiff in the court below. After several months of controversy between the parties as to the amount due plaintiff in error, defendant in error sent a letter to his attorney explaining the controverted items, and enclosing a check, payable to the order of McCardel, for $8.75, "to balance the account." This check was accepted and used by plaintiff. Without deciding whether or not the acceptance and use of the check by him constituted an accord and satisfaction of all controverted matters between them, we are of the opinion, after careful consideration of the evidence, that substantial justice was done the parties in the court below, and the judgment will, therefore, be affirmed.

*Affirmed.*